Exhibit C

Letter from David Gualtieri to Steven B. Pollack, *Denial of Guilt for U.S. Coast Guard Discharge of Lead into Great Lakes* (Jan. 24, 2007)



**U.S. Department of Justice**

Environment and Natural Resources Division

*Environmental Defense Section*  
*P.O. Box 23986*  
*Washington, DC 20026-3986*

*Telephone (202) 514-2219*  
*Facsimile (202) 514-8865*

January 24, 2007

**VIA U.S. Mail and E-Mail**

Blue Eco Legal Council  
Steven B. Pollack, Esquire  
Executive Director  
P.O. Box 1370  
Highland Park, IL 60035  
steve@ecoesq.com

    *Re*:    Notice of Intent to Sue as to Coast Guard Live-Fire Training on the Great Lakes

Dear Mr. Pollack:

    This letter responds to your letter dated January 18, 2007, which I have forwarded to the Coast Guard and U.S. EPA as you requested.

    We disagree that the Coast Guard or U.S. EPA have violated any applicable legal requirement and reject your settlement demand. Furthermore, we dispute your characterization of our letter dated January 3, 2007, wherein we explained that the Coast Guard has withdrawn its proposed rule regarding live-fire training exercises on the Great Lakes, is not presently conducting any live-training exercises there, and will not conduct any non-emergency live-fire training exercises unless and until it publishes a final rule. Therefore, as a matter of law, it would be premature for you to bring a lawsuit at this time. Should you do so, we will move to dismiss it.

    If you nevertheless file a complaint, we would appreciate receiving a courtesy copy by e-mail (david.gualtieri@usdoj.gov) and/or U.S. Mail directly to me at the above address. This request does *not* waive the service requirements under the Federal Rules of Civil Procedure.

    Sincerely,

    David Gualtieri  
    John Irving  
    Attorneys, Environment and Natural Resources  
    Division

cc:    P. Atelsek, USCG HQ (via e-mail)  
        K. Wendelowski, EPA OGC (via e-mail)



1954 First St. Unit 237   Highland Park, IL 60035   847-436-9566

David S. Gualtieri
U.S. Dept. of Justice, ENRD/EDS
P.O. Box 23986
Washington, DC 20026-3986

Dear Mr. Gualtieri:

    I have had time to consider your letter requesting that I suspend litigation against the Coast Guard for as long as the Coast Guard decides to suspend its live fire training.

    Let me give you my perspective on your request and the reasoning behind it before I answer. In essence you are saying the US EPA has unlimited enforcement discretion as to when, and if, it enforces the environmental laws of the United States. Additionally you raise objections to whether the US EPA can and should enforce the environmental laws of the United States when a sister agency is the polluter.

    Without addressing the legal merits of your argument, I am very concerned as a citizen that your position elevates the concerns of the polluting agency over that of the enforcing agency. Was it naïve of me to believe that DOJ's mission includes upholding the law? It appears that the Environmental Defense Section acts more like in-house counsel for federal polluters than the department of our federal government whose job is to enforce the laws.

    Whatever discretion US EPA has to not enforce against a sister agency, Congress clearly took complete enforcement discretion out of the hands of US EPA by enacting the citizen suit provisions of the various environmental laws of the United States. These citizen suit provisions contain clear waivers of sovereign immunity for suits against the government.

    The pragmatic considerations you raise have nothing to do with the merits of whether the Coast Guard broke the law. I am not a lazy attorney and the prospect of fighting through the various standing issues does not bother me. In my view you are using them to block me from getting to the merits of what is still a decision under consideration by the Coast Guard.

    If you are simply asking me to stand down for my own good then my answer is no. If, however, you want to talk about ways to avoid litigation based on a change in the Coast Guard's position, (and under your unitary executive theory that of the entire U.S. Government) then I am willing to talk. At the very least I demand the following in order to settle this issue without litigation:

1. The Coast Guard will admit it violated the CWA, RCRA, and CERCLA with its prior training exercises
2. The Coast Guard will admit that the discharge of lead bullets into the Great Lakes is illegal under these statutes.

3. The US EPA will assess the environmental effects from the prior Coast Guard training and evaluate feasible alternatives to mitigate damage to human health and the environment.
4. The Coast Guard will fund a Supplemental Environmental Project by making a $75,000 cash donation to either the Chicago Environmental Law Clinic or the Natural Resources Defense Council
5. The Coast Guard will pay me the reasonable value of my time for enforcing the environmental laws of the United States

Please present this offer to your client. I will keep it open until the end of the day on Jan. 25, 2007 after which time I will file suit, if at all, without further notice.

Best regards,


Steven B. Pollack