UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN B. POLLACK and BLUE ECO LEGAL COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES COAST GUARD, UNITED STATES NAVY, UNITED STATES MARINE CORPS, and UNITED STATES DEPARTMENT OF DEFENSE, <br><br> Defendants. | No. 08 C 320 <br> Judge Guzman |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PROPERTY INSPECTION**

### INTRODUCTION

Defendants United States Department of Justice, United States Coast Guard, United States Navy, United States Marine Corps, and the United States Department of Defense (collectively, "United States" or "Defendants"), by and through their attorneys and for the reasons set forth below, oppose Plaintiffs' Motion to Compel Property Inspection (Dkt. 17, filed Mar. 11, 2008) and describe how the Motion to Compel fits within an already well-established pattern by Plaintiffs of significant non-compliance with the rules governing this case.

### ARGUMENT

**I.  Plaintiffs' Persistent Non-Compliance with the Rules Has Unduly Complicated this Case.**

Although this case is in its earliest stages, Plaintiffs' Motion to Compel is just the latest in a growing list of maneuvers that do not comply with the Federal Rules of Civil Procedure, the Local Rules, and this Court's standing orders.  Plaintiffs' failure to comply with these requirements and their rigid approach to routine pre-trial events have already rendered this case, involving five federal agencies and two distinct sets of factual allegations, unnecessarily complex and confused.  For instance, on February 14, 2008, nearly two weeks *before* the parties had their Rule 26(f) conference, Plaintiffs purported to serve document requests on the United States, demanding certain documents as early as March 7, 2008.  Also on February 14, 2008, Plaintiffs purported to serve a request to inspect, on March 15th (a Saturday) or March 17th, the FBI firearms training facility at issue in this litigation (the "FBI Range").  Plaintiffs' request for a site

inspection also demanded access on those dates to what amounts to all of the documents located at the FBI Range.

In a letter dated February 25, 2008 (Exhibit 1, hereto), the United States informed Plaintiffs that their purported discovery requests were completely inoperative and in violation of the plain requirements of Federal Rule of Civil Procedure 26(d), which provides: "a party may not seek discovery from any source before the parties have before the parties have conferred as required by Rule 26(f)." The letter further informed Plaintiffs that Rule 34 allowed a party 30 days to respond to a properly-served request (in this case, until March 31, 2008, had the requests been proper). Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days."). These points were re-iterated to Plaintiffs' counsel during the parties' February 27, 2008, Rule 26(f) conference.

Plainly recognizing their error, Plaintiffs re-served their discovery requests the day after the parties' Rule 26(f) conference. Despite the admonitions in the United States' February 25th letter, the Plaintiffs' February 28th discovery request repeated, in all respects, Plaintiffs' demand to inspect property and documents at the FBI Range on March 15th (a Saturday) or 17th. By letter dated March 6, 2008 (Exhibit 2, hereto), the United States once again informed Plaintiffs of Rule 34's timing requirements (*i.e.,* that under Rule 34 the United States' response is not due until April 2, 2008), identified numerous practical objections to the requested date, and invited discussion between the parties to identify a mutually agreeable alternative date and other conditions of the site inspection (in light of the obvious safety and operational concerns given Plaintiffs' unelaborated request to "test and sample" unspecified areas of an operating firearms range discussed *infra*). Plaintiffs responded in a March 7, 2008 letter (Exhibit 3, hereto) by again demanding a site inspection on March 17, 2008.

Also in contravention of the rules, the February 28th discovery requests purport to impose a deadline of March 13, 2008, and "minimum" requirements for the United States' Rule 26(a) initial disclosures. The manner and timing of Rule 26(a) initial disclosures is dictated by the Federal Rules of Civil Procedure and the Local Rules, neither of which authorize a party unilaterally to specify the content of, or deadline for, the parties' mandatory initial disclosures.

Finally, by failing to confer as to their intent to file a motion for preliminary injunction and for preliminary mandatory injunction, Plaintiffs did not meet their responsibilities for the Rule 26(f) scheduling conference. The preliminary relief Plaintiffs seek in their Motion for Preliminary Injunction (Dkt. 13, filed Mar. 6, 2008), filed just one week after the Rule 26(f) conference, surely is a "claim" about which Plaintiffs were required to confer under Rule 26(f)(2). Moreover, Plaintiffs' Motion for Preliminary Injunction has obvious potential implications for the discovery plan and schedule about which the parties were required to confer during the Rule 26(f) conference. It strains credulity that Plaintiffs were not fully intending to

file their Motion for Preliminary Injunction when the parties had their Rule 26(f) conference one week prior. That Plaintiffs were obligated to notify the United States of their intent to seek a preliminary injunction is confirmed by this Court's Standing Order Establishing Pretrial Procedures pursuant to Local Rule 16.1, which requires the Rule 16 scheduling conference to address "motions contemplated to be filed" by the parties. The Rule 16 conference is premised, in large part, on the parties' Rule 26(f) conference reports. The United States, by contrast, informed Plaintiffs of its intent to file a motion to dismiss, *see* Ex. 1, and discussed its anticipated contents during the parties Rule 26(f) conference.

In sum, the Court should put an abrupt end to Plaintiffs' repeated instances of significant non-compliance with the rules, as Plaintiffs' approach thus far portends free-for-all litigation tactics that will render this case more complex and confusing.

**II.    The Motion to Compel Does Not Comply with the Rules, Is Baseless, and Should be Denied**.

Turning to the instant Motion to Compel, Plaintiffs again have shown a penchant for ignoring this Court's rules. For instance, although this Court's standing order for "Motion Practice" plainly states that "[m]otions are heard on Tuesdays and Thursdays at 9:30 AM with a two (2) day notice," Plaintiffs noticed their Motion to Compel for *Friday*, March 14, 2008.[1] Additionally, Plaintiffs do not cite, let alone satisfy, the meet-and-confer certification requirements for a motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.2. Nor could they, as, despite the United States invitation to do so, Plaintiffs did not pursue "consultation in person or by telephone" or make any "good faith attempts to resolve differences." L.R. 37.2.

Instead, Plaintiffs merely have re-iterated the same unreasonable and impermissible demand to inspect property *and* voluminous documents two weeks *before* the United States is even required under Rule 34 to respond to the requests. *See* Ex. 3. Plaintiffs served their request to inspect property and documents at the FBI Range on February 28th. Pursuant to Rule 34(b)(2)(A), the United States must "respond in writing within 30 days of being served," or by April 2, 2008. Fed. R. Civ. P. 34(b)(2)(A); *see also* Fed. R. Civ. P. 6(d). Accordingly, Plaintiffs' Motion to Compel is not even ripe for consideration, since the United States' time for responding to the inspection request is still weeks in the future. Plaintiffs cite no authority for the claim that Rule 34 requires the United States to permit the actual inspection of property and documents within 30 days of Plaintiffs' request. Mot. Compel at 1. This is likely because the plain text of

---

[1] Plaintiffs also noticed their Motion for Preliminary Injunction for Friday, March 14, 2008, in violation of the Court's standing order.

3

Rule 34 requires otherwise, *i.e.*, merely that the United States "respond in writing within 30 days." Unless another date is established by stipulation or order of the Court – or unless the Court postpones discovery until after it decides the United States' motion to dismiss as the United States has proposed (*see* Dkt. 16, filed Mar. 10, 2008) – the United States will respond timely and in accordance with the rules to Plaintiffs' February 28th request for a property and document inspection at the FBI Range (*i.e.,* by April 2, 2008).[2] For those reasons alone, the Court should deny the Motion to Compel.

  As the United States expects to address in its written response and objections to Plaintiffs' discovery requests, Plaintiffs' request for a document and property inspection on March 17, 2008 is objectionable for a number of reasons. Rule 34 requires Plaintiffs to "specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1)(B). Plaintiffs have not done this. As it pre-dates by two weeks the time within which the United States is permitted to respond in writing to the request – not to mention the date by which the United States is to respond to the First Amended Complaint – March 17, 2008 is not a "reasonable" date within the meaning of the rule. Reading Rule 34 to allow a requesting party simply to demand a date for the inspection of property and documents within the rule's 30-day window for responding to the request would place unrealistic and unreasonable demands on the recipients of such requests in derogation of that party's rights under the rules (as clearly has occurred here). Such a tactic effectively would allow one party to circumvent the Court and unilaterally to expedite discovery without making any showing of necessity. Even if such expedited discovery could be considered necessary in this case, Plaintiffs have thus far made no showing whatsoever that it is necessary.

  By failing to specify *at all* where Plaintiffs desire to inspect at the FBI Range, their request also fails to "specify a reasonable . . . place" for the inspection. *Id.* 34(b)(1)(B). This lack of specificity is especially problematic and objectionable insofar as the First Amended Complaint and Plaintiffs' claims for remedial action therein appear to be concerned only with the Lake Michigan lakebed adjacent to the approximately 14 acres of land associated with the FBI Range, suggesting the lakebed as the only area potentially subject to inspection. Nor do Plaintiffs "specify a reasonable . . . manner" for the inspection, *id.*, as the request for property inspection is devoid of particulars and merely parrots the language of Rule 34(a)(2), which provides: "the requesting party may inspect, measure, survey, photograph, test or sample the property." *Id.* 34(a)(2). As indicated in the United States' March 6, 2006 letter, Ex. 2 at 2, the parties would have to confer about reasonable conditions for the inspection given the safety and operational

---

[2] Neither this filing nor the United States' March 6, 2008, letter constitute a "response" or "objections" to Plaintiffs' requests under Federal Rule of Civil Procedure 34(b)(2).

considerations attendant to testing and sampling unspecified areas at an active firearms training range where, for instance, unexploded ordnance could be encountered. Sample areas will have to be confirmed to be clear of potential unexploded ordnance. Moreover, any inspection involving sampling would have to be conducted on a date when no firearms training is occurring to ensure that sampling is conducted without risk of harm.[3] Plaintiffs cannot make such serious risks to human life and welfare go away by ignoring them or refusing to discuss them.

A number of additional serious considerations would have to be addressed. Due to security and safety concerns, range procedures require an FBI escort for all non-law enforcement visitors to the facility. Because training in sensitive law enforcement techniques, including as to undercover agents, occurs at the FBI Range, non-law enforcement visitors to the facility are not permitted at such times. As noted, Plaintiffs declined the United States' invitation to "discuss at your convenience a mutually agreeable date (after April 2, 2008) and other conditions for Plaintiffs' requested site inspection." Ex. 2 at 2.

That Plaintiffs' expert will be traveling to Chicago on March 17, 2008 is completely irrelevant. *See* Mot. Compel at 1. Whether through simple ignorance or intentional disregard of the rules, Plaintiffs assumed the risk of scheduling with their expert a site inspection on a date that was neither authorized by the Federal Rules of Civil Procedure nor consented to by the United States. As of February 25, 2008, Plaintiffs were on full notice that their contemplated date for the site inspection did not comply with the discovery rules and that the United States was disinclined to consent to an inspection on that date. Other than Plaintiffs' own scheduling misadventure, Plaintiffs offer this Court no reason whatsoever why discovery in this case should proceed any faster than the requirements of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Compel. Instead, the Court should order Plaintiffs to confer with the United States to identify reasonable conditions and a mutually agreeable date (after April 2, 2008) for a property and document inspection at the FBI Range under Federal Rule of Civil Procedure 37(a)(5)(B). As the Motion to Compel is not substantially justified, the Court may consider, under Federal Rule of Civil Procedure 37(a)(5)(B), an award to the United States of reasonable expenses incurred in opposing it.

---

[3] As with most training sessions at the FBI Range, training events were scheduled for March 17, 2008, months before Plaintiffs served their request (specifically, FBI Chicago Division Special Agent First Quarter weapons qualifying and weapons training for the Naval Criminal Investigative Service).

5

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

  /s/ David S. Gualtieri
DAVID S. GUALTIERI
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
(202) 514-4767; (202) 514-8865 (fax)
David.Gualtieri@usdoj.gov

PATRICK J. FITZGERALD
United States Attorney

/s/Linda A. Wawzenski
LINDA A. WAWZENSKI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1994
linda.wawzenski@usdoj.gov

Dated: March 12, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date below the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PROPERTY INSPECTION and the Exhibits thereto were filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Dated: March 12, 2008                                                /s/ David S. Gualtieri
                                                                      Counsel for the United States