**<u>EXHIBITS</u>**

Exhibit 1:     February 25, 2008 letter from D. Gualtieri, counsel for Defendants to S. Pollack, counsel for Plaintiffs (w/out attachment)

Exhibit 2:     March 6, 2008 letter from D. Gualtieri, counsel for Defendants to S. Pollack, counsel for Plaintiffs

Exhibit 3:     March 7, 2008 letter from S. Pollack, counsel for Plaintiffs to D. Gualtieri, counsel for Defendants

**Exhibit 1:**     **February 25, 2008 letter from D. Gualtieri, counsel for Defendants to S. Pollack, counsel for Plaintiffs (w/out attachment)**



**U.S. Department of Justice**

Environment and Natural Resources Division

**DJ# 90-5-1-4-18227**

| | |
|---|---|
| *Environmental Defense Section* | *Telephone (202) 514-4767* |
| *P.O. Box 23986* | *Facsimile (202) 514-8865* |
| *Washington, DC 20026-3986* | |

February 25, 2008

**<u>VIA U.S. Mail and E-Mail</u>**

Blue Eco Legal Council
Steven B. Pollack, Esquire
Executive Director
3390 Commercial Avenue
Northbrook, IL 60035
steve@ecoesq.com

> *Re*:    *Pollack v. United States Dept. of Justice*, et al, No. 1:08-cv-00320 (N.D. Ill.)

Dear Mr. Pollack:

This letter addresses a number of points in anticipation of our upcoming Rule 26 conference scheduled for February 27, 2008, at 10:00 a.m. central/11:00 a.m. eastern (call-in # 866-410-9426; passcode 2025144767#). Counsel on the call for the United States will be myself, Sarah Nelson and David Fishback from the Department of Justice Civil Division, and Linda Wawzenski from the Office of the United States Attorney for the Northern District of Illinois. With regard to your e-mail inquiry of February 21, we will not be recording the call and the United States **does not** consent to your recording the call.

Defendants' Draft Status Report and Discovery Plan: Attached please find the Defendants' draft Rule 26 conference report. I tracked as much as I thought appropriate the draft you submitted to us. However, I thought that your draft included several non-essential matters that typically would not be included in such a conference report. We can discuss during the conference whether the parties want to file a joint report (expressing the perspective of each) or separate reports. Please note that the attached is merely a draft for the purposes of discussion. The United States may include different legal arguments in the conference report that it ultimately files.

Voluntary Dismissal of Certain Claims/Parties: We request that you voluntarily dismiss Count IV, in which you claim entitlement to money damages under the Federal Tort Claims Act, 28 U.S.C §§ 1346 (b), 2671-80 ("FTCA"). The district courts have no subject matter jurisdiction over FTCA claims that are filed prior to exhaustion of administrative remedies. Unless you voluntarily dismiss Court IV, the court will have no choice but to dismiss that claim for want of subject matter jurisdiction.

Before bringing suit against the United States, which is the proper defendant under the FTCA, a claimant must exhaust his administrative remedies by filing an administrative claim with the appropriate federal agency.  *See* 28 U.S.C. § 2675(a).  Upon review of agency claim records, it is clear that neither you nor Blue Eco Legal Council have ever filed an administrative claim with any of the federal agencies that you named as defendants.  We are aware of your letters, dated November 9, 2006, and October 2, 2007, which purport to provide notice of your intent to sue under various environmental statutes.  As you can see, these letters do not in any way satisfy the administrative claim requirement set forth by the FTCA; and none of the waivers discussed in those letters pertains to the tort claims that you set forth in Count IV.  Accordingly, you have failed to exhaust your administrative remedies, and the FTCA claims in the First Amended Complaint are plainly improper.

The United States has not waived sovereign immunity for cases in which a claimant fails to exhaust administrative remedies, and therefore federal courts lack subject matter jurisdiction.  *See McNeil v. United States*, 508 U.S. 106, 112 (1993).  Lack of subject matter jurisdiction cannot be waived, and courts have consistently rejected claimants' attempts to retroactively cure the jurisdictional deficiency caused by premature invocation of the judicial process because it "would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."  *See id.*

It is equally clear that Plaintiffs should voluntarily dismiss their Clean Water Act, CERCLA, and RCRA claims against the Department of Defense (as well as any claim under Court IV for the above reasons).  Plaintiffs do not allege in the First Amended Complaint that they submitted a statutorily-required notice of intent to sue letter to the Department of Defense with respect to any of these claims.  Indeed, the notice of intent letters referenced in, but not attached to, the First Amended Complaint show on their face that they were not submitted to the Department of Defense.  We are not aware of, and the Department of Defense has not received, any other notice of intent to sue letters covering the CWA, CERCLA, and RCRA allegations in the First Amended Complaint.  We note, as a practical matter, that having sued the Navy and Marines, there is no reason to maintain the Department of Defense as a party to this action other than to perhaps artificially inflate the number of defendants in this case.

If, despite the foregoing, Plaintiffs do not voluntarily dismiss their FTCA claims and all claims against the Department of Defense, and the United States successfully moves to dismiss those claims, the United States will seek its costs in bringing such a motion.

Plaintiffs' "Initial Request for Documents": We note that your draft Rule 26(f) conference report and discovery plan includes what purports to be "Plaintiffs' First Request for Documents and Property Inspection."  This document is not properly served upon the Defendants and imposes no obligations on them, particularly insofar as it purports to set response deadlines.  Under the Federal Rules of Civil Procedure, Plaintiffs cannot serve discovery until *after* the parties' Rule 26(f) conference.  Thus, the earliest that Plaintiffs can serve discovery – in the manner specified by the Federal Rules of Civil Procedure – is February 27, 2008.  Moreover, and also under the Federal Rules of Civil Procedure, the earliest the United States would not be required to respond to such requests until March 31, 2008 (which, we note, is a mere week after our motion to dismiss is currently due).

- 2 -

Of course, the parties can agree to a different response deadline, and such would be in order here given the practical limitations that the Defendants will face in responding to document requests directed to multiple federal agencies and spanning a timeframe back to 1918. It is simply unrealistic to anticipate a complete response from the Defendants within the standard 30-day period (especially if the scope of the requests is not narrowed), let alone the shorter dates included in your draft document. As you can see from our draft Rule 26(f) report, it is our view that no discovery of this type should even commence until after the Court decides our motion to dismiss. If the Court disagrees with that approach, we are amenable to discussing with you a plan for responding to whatever discovery you may serve, such as a "rolling" response, that will provide readily accessible documents as soon as reasonably practicable and allow sufficient time for whatever additional document search is necessary. We have substantial experience dealing with this situation and have satisfactorily addressed similar document requests in the past.

Joinder of Additional Parties: You indicate in your "Initial Request for Documents" that you want exceedingly prompt discovery responses to enable Plaintiffs to send out additional 60- and 90-day notice letters to other federal agencies as Plaintiff deems necessary. Plaintiff has already amended its complaint once, and the United States objects to the notion of having to respond to discovery requests under unrealistic deadlines simply to permit Plaintiffs to seek leave to further amend their pleadings and introduce new parties to what already promises to be unwieldy litigation. If Plaintiffs at some point determine that they have additional claims against other federal agencies, they should submit to those agencies a notice of intent letter as required by the applicable statute and bring whatever *new* judicial action is appropriate following expiration of the mandatory waiting period. The United States anticipates that it will oppose any untimely or prejudicial attempt by Plaintiffs to join additional parties to this action or to further amend their complaint.

We look forward to speaking with you during the upcoming Rule 26 conference.

Sincerely,

David S. Gualtieri, Trial Attorney
Environment and Natural Resources Division
Environmental Defense Section

cc (via e-mail):                                J. Olkiewicz, FBI
                                                T. Hayes, USCG
L. Wawzenski, USAO                              J. Tew, USN
J.P. Glynn, DOJ Civil                           M. Tencate, USMC
D. Fishback, DOJ Civil                          K. Colmie, DOD
S. Nelson, DOJ Civil

**Exhibit 2:**      **March 6, 2008 letter from D. Gualtieri, counsel for Defendants to S. Pollack, counsel for Plaintiffs**



**U.S. Department of Justice**

Environment and Natural Resources Division

**DJ#: 90-5-1-4-18227**

---

*Environmental Defense Section*                                    *Telephone (202) 514-4767*
*P.O. Box 23986*                                                   *Facsimile (202) 514-8865*
*Washington, DC  20026-3986*

March 6, 2008

**VIA U.S. Mail and E-Mail**

Blue Eco Legal Council
Steven B. Pollack, Esquire
Executive Director
3390 Commercial Avenue
Northbrook, IL 60035
steve@ecoesq.com

   *Re*:  *Pollack v. United States Dept. of Justice*, et al, No. 1:08-cv-00320 (N.D. Ill.)

Dear Mr. Pollack:

   This letter follows up our Rule 26 telephone conference on February 27, 2008.  During the conference, the parties discussed the possibility of jointly proposing to the Court "Alternative A" in the draft "Defendants' Rule 26(f) Conference Report and Proposed Discovery Plan ("Alternative A" is reproduced for your convenience in Attachment 1).  We note that if the parties were to propose Alternative A, and the Court were to grant it, the Defendants will provide initial disclosures by the specified date, irrespective of the general postponement of discovery until after the Court decides the Defendants' motion to dismiss.

   You indicated during the conference that Plaintiff would not agree to jointly propose "Alternative A" unless the Defendants provided some documentation pertaining to the claims and defenses in this case prior to the Defendants filing their motion to dismiss.  To identify what documents might be available for such an expedited voluntary production, I asked all Defendants to undertake a preliminary search for and review of documents that may be relevant to claims or defenses in this litigation.  Attachment 2 to this letter contains a list of those documents that are reasonably accessible and can be produced prior to March 24, 2008.  We note that the documents denoted with an * constitute *all* of the documents that the Navy identified as responsive to your FOIA request but which have not been provided to you in light of the Navy's denial of your fee waiver request.

   We note that relatively few relevant documents have been identified to this point for a number of reasons, not least of which because of the limited time to search for such documents and the fact that many documents are no longer in current agency files (and may be located in Federal Records Centers or were destroyed long ago pursuant to agency document retention policies).  I anticipate that substantially more documentation will be available by the date that we have proposed for the production of initial disclosures.

If the Plaintiffs agree to jointly propose Alternative A, the Defendants will provide the documents in Attachment 2 as soon as practicable, but no later than March 24, 2008. As the parties' conference reports are due by Monday March 10, 2008, kindly indicate whether Plaintiffs agree to jointly propose Alternative A no later than close of business Friday, March 7, 2008. If Plaintiffs do not agree to propose Alternative A, also please indicate if Plaintiffs are amenable to proposing Alternative A to the Court subject to the deletion of item (2) and substituting the words "after Defendants respond to the First Amended Complaint" for the words "after motion to dismiss decided" in items (3) and (4.a). During our conference, you indicated that the intervals in Alternative A were generally acceptable, subject to the issue of when discovery commences. Even if the parties fail to agree on the when discovery commences, it would be preferable to agree on the intervals for pre-trial tasks if the Court doesn't postpone discovery altogether.

We are in receipt of your first set of document requests, for site inspection (both served February 28, 2008) and requests to admit (served March 3, 2008). Regarding the site inspection, as I explained during our conference and my letter of February 25, 2008, your proposed dates of March 15 or 17, 2008, are objectionable and not "a reasonable time" within the meaning of Fed. R. Civ. P. 34 as the dates fall well before April 2, 2008, the date by which the Defendants are required to respond to the request, let alone permit a site inspection, under the rule. We also note that March 15th is a Saturday, and not reasonable in light of the regular work schedules of individuals who would have to attend (i.e, Monday-Friday), including myself and agency counsel, and may also conflict with the standard operating schedule of the range. Additionally, the press of this litigation and deadlines in my other cases in March and a D.C. Circuit oral argument in April make your proposed dates unworkable for me. As we have indicated, either with our without Plaintiff's agreement, the Defendants will propose that discovery such as the requested site inspection not occur at all until after the Court decides the motion to dismiss. If the Court does not postpone discovery following the initial status hearing, we will be pleased to discuss at your convenience a mutually agreeable date (after April 2, 2008) and other conditions for Plaintiffs' requested site inspection.

Of course, parties may stipulate to extend the response deadlines in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 29, 34(b)(2)(A). Please respond in writing prior to the initial status hearing whether Plaintiffs will extend the dates they have proposed for inspection of the FBI range subject to re-scheduling until a mutually convenient date as described above.

Regarding Plaintiffs' document requests and requests to admit (due April 2, 2008 and April 7, 2008, respectively), I explained during our conference and in my letter dated February 25, 2008, that the Defendants (five federal agencies) will be unable to respond in full to such requests within the 30 days permitted by the rules in light of the extent of documents requested, the timeframe (from 1918 to present) spanned by the requests, and the fact that responsive documents may be located in any of several regional Federal Records Centers. Of course, if the Court postpones discovery until after it decides the motion to dismiss (subject to a joint proposal or otherwise), the issue of the response deadline will become moot. However, if the Court does not postpone discovery, I certainly hope that we can agree to a reasonable timeframe for responding to Plaintiffs' requests and not have to present the matter to the Court. As I explained during our conference, the Defendants are amenable to responding to Plaintiffs' discovery on a

"rolling" basis, thus providing readily accessible documents as soon as reasonably practicable and allowing sufficient time for whatever additional document search is necessary.

In light of the foregoing, please respond in writing prior to the initial status hearing whether Plaintiffs will extend until May 23, 2007, the dates by which the Defendants are to respond to Plaintiffs document requests and requests to admit. *See* Fed. R. Civ. P. 29, 26(a)(3), 34(b)(2)(A).

Thank you for your attention to these matters and I look forward to hearing back from you.

Sincerely,

David Gualtieri, Senior Trial Attorney
Environment and Natural Resources Division
Environmental Defense Section

cc (via e-mail):

L. Wawzenski, USAO            J. Olkiewicz, FBI
J.P. Glynn, DOJ Civil         T. Hayes, USCG
D. Fishback, DOJ Civil        J. Tew, USN
S. Nelson, DOJ Civil          M. Tencate, USMC
                              K. Colmie, DOD

**Attachment 1**

**Alternative A** (from Defendants' Draft Rule 26 Report)

| | | |
|---|---|---|
| 1. | Service of Rule 26(a) initial disclosures: | May 12, 2008 |
| 2. | Commencement of fact discovery: | date motion to dismiss is decided |
| 3. | Fact discovery cut-off (except for admissions): | 9 months after motion to dismiss decided |
| 4. | Expert discovery: | |
| | a.    Plaintiffs' expert disclosures: | 10 months after motion to dismiss decided |
| | b.    Defendants' expert disclosures: | 60 days after Plaintiffs' expert disclosures |
| | c.    Expert discovery cut-off (including completion of depositions): | 60 days after Defendants' expert disclosures |
| 5. | Dispositive motions cut-off: | 60 days after expert discovery cut-off |
| 6. | Request for admission cut-off: | 30 days before final pre-trial conference |
| 7. | Final Pre-trial conference: | to be scheduled by Court |
| 8. | Trial: | to be scheduled by Court |

**Attachment 2**

Real Estate Appraisal and Related Studies (4/25/86) and transmittal cover letter (5/14/86) (including exhibits A through G; trying to locate copy with remaining exhibits)

*Assess the Environmental Contamination and Consequence of Proposed Disposal of the Rifle Range (9/84) and related memoranda/correspondence

Survey Report of Executive Order 12512 Survey for North Range Firing Facility (9/22/87)

TRS Range Services, Documentation of Lead Recovery at Firing Range (9/14/06)

EAC, Phase I Environmental Site Assessment of the FBI Great Lakes Firing Range (7/5/06)

*Transfer and Acceptance of Military Real Property (9/4/87) and related GSA/Navy correspondence

Navy/FBI Range Use Agreements (1979 and 1984)

Deed for Range

*Naval Energy and Environmental Support Activity, Initial Assessment Study of Naval Complex Great Lakes, Illinois (3/86) (relevant excerpt) and related memorandum

*Rogers, Golden & Halpern, Navy Initial Assessment Study, Naval Complex (NC) Great Lakes, Illinois (relevant excerpt) (3/86)

*Documentation, including schematics, pertaining to National Environmental Policy Act (NEPA) Categorial Exclusion For, Construction of Federal Bureau of Investigations Shoot House (4/04)

Federal Register Notices regarding safety zones NPRM

Coast Guard Press Release (12/18/06)

Message ALCOAST 263/06 - re: Revision to the Machine Boat Course (5/4/06)

Message, ALCOAST 632/05 - re: Small Arms Testing and Training (12/22/05)

Memorandum re: Live Fire Weapons Testing, Training Exercises and Operations (12/12/05)

**Exhibit 3:**     **March 7, 2008 letter from S. Pollack, counsel for Plaintiffs to D. Gualtieri, counsel for Defendants**



3390 Commercial Ave  Northbrook, IL 60062  847-436-9566

David S. Gualtieri
U.S. Dept. of Justice, ENRD/EDS
P.O. Box 23986
Washington, DC 20026-3986

March 7, 2008

Dear Mr. Gualtieri:

Regarding your offer to hold discovery until after your "motion to dismiss is decided" or "after Defendants respond to First Amended Complaint," in exchange for the quick release of the documents in Attachment 2 of your letter dated March 6, 2008, we reject it.  Your offer is inadequate in light of what we know is easily accessible and we are entitled to under discovery.

Your obligations under the Fed. R. Civ. P. for discovery are clear and your requirements are within 30 days from receipt of our request for production and request to admit.  We will oppose any move to postpone discovery pending your motion to dismiss because you are highly unlikely to succeed based on the flimsy jurisdictional facts you presented as defeating our suit.

Regarding your inability to comply with discovery because of the voluminous record, several agencies, and your other trial needs, I clearly told you by email January 24, 2008 that you need to devote sufficient resources to this project and I will not accept delays premised on the amount of work this will take.  This is federal court with known rules, you have had plenty of time to prepare, and your organizational resources allow for what is required.  There are nine other attorneys copied on your correspondence, delegate some work to them.

Regarding the site visit, I have made several requests and have given you at least a month prior notice, by email of February 14, 2008 and US mail, as to the March 17, 2008 date that our expert James Barton will be in town from Norfolk, VA.  This is a preliminary property inspection under Fed. R. Civ. P.  34(a)(2) and you can either be in town for it or else task your local US Attorneys to accompany us.  Fed. R. Civ. P. 34 (b)(2)(A) clearly says the property inspection shall be *within* 30 days, not outside 30 days. If your final answer is no, we will file a motion to compel to be argued March 14, 2008.

So to be clear, our position is that the following schedule applies to the beginning of discovery:

First Property inspection      Due March 17, 2008
First request for production   Due April 2, 2008
First request to admit         Due April 7, 2008

Sincerely,

_____
Steven B. Pollack