UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Steven B. Pollack and ) | |
| Blue Eco Legal Council, ) | |
| ) | |
| Plaintiffs, ) | Case Number:    08-cv-320 |
| ) | Assigned Judge:    Guzman |
| v. ) | Magistrate Judge:    Brown |
| ) | |
| United States Department of Justice, ) | |
| United States Coast Guard, ) | CWA, RCRA, CERCLA, AND |
| United States Navy, ) | PUBLIC NUISANCE FTCA CASE |
| United States Marines, and ) | |
| United States Department of Defense, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO
MOTION TO COMPEL PROPERTY INSPECTION ON MARCH 17, 2008

Defendants' complete and *prompt* disclosure of the documents and site inspection identified by Plaintiffs' expert, and requested pursuant to Fed. R. Civ. P. 34, is necessary and in the public interest.

It is Defendants' insistence that discovery not go forward until disposition of their motion to dismiss, based on self-authenticating jurisdictional facts, that actually forces Plaintiffs into this position of needing the site inspection and discovery according to the rules, which is to say *within* 30 days. Specifically, the Property Inspection, Range Manifests, Standard Operating Procedure Documents, and Ammunition Administration Records will likely impeach Defendants assertion that there are no ongoing violations.[1] Defendants' circular argument, however, is that Plaintiffs cannot reach those impeaching facts because their asserted facts will dispose of the case and deprive the Court its authority to order discovery.

Defendants then accuse Plaintiffs of a laundry list of discovery violations, all using self-serving interpretations to cast normal pre-trial activities in a negative light, even going so far as

---

[1] Note that Attachment 2 to Defendants' March 6, 2008 offer to Plaintiffs for quick release of documents, in exchange for Plaintiffs' agreement to hold discovery pending the motion to dismiss, does not offer these critical documents. See Defendants' Opposition to Plaintiffs Mot. To Compel, Ex. 2. Plaintiffs therefore exercised their right to reject this inadequate offer by letter dated March 7, 2008 Id. Ex. 3

to demand sanctions.  We will address what they call "maneuvers", "rigidity", and "Non-Compliance."

The first issue is the accusation that Plaintiffs demanded written discovery prior to the 26(f) conference.  Plaintiffs felt it prudent to alert Defendants prior to the 26(f) discovery meeting the types of documents and site inspection being sought so they could plan accordingly.  In the spirit of planning for the conference, Plaintiffs included their planned Fed. R. Civ. P 34 requests with the proposed conference report.  This was not an attempt to serve discovery early but to inform as to the nature of discovery being sought.  Defendants admit they were properly served these discovery requests the day after the 26(f) conference.   Plaintiffs did not, therefore, serve discovery early.

Defendants also accuse Plaintiffs of "ignoring this Court's rules" by not scheduling motions on a Tuesday or Thursday, but rather scheduling them on the same day as this initial status hearing.  In fact, Plaintiffs thought it more reasonable and efficient to consolidate the motions with the hearing and sought verification from this Court's deputy, Ms. Carole Gainer, which she did verify was allowed.

Defendants then complain that Plaintiffs did not discuss their motion for preliminary injunction at the 26(f) conference.  This is true but the preliminary injunction motion does not change or add to the nature and basis of the claims in the Complaint required to be discussed by Fed. R. Civ. P. 26(f)(2). The relief sought, and basis for granting or denying the preliminary injunction motion, are derivative of the Complaint.  Plaintiffs fully discussed the nature and basis of their claims and were not required to disclose their possible motion for preliminary relief.  Defendants claim this motion "has obvious potential implications for the discovery plan and schedule" but then fail to give a reason why this is so.  There are no implications that Plaintiff can think of, especially if this Court treats the competing motions by Plaintiffs and Defendants as cross motions for purposes of the briefing to be scheduled.  The discovery plan needs no changes because Defendants always planned for such a briefing schedule on their own motion to dismiss.

Defendants' accusations of unfairness are simply a way to distract attention from Plaintiffs meritorious claims.  Contrary to Defendants' assertions, there is nothing complex or confusing about this case.  The Executive Branch is discharging its lead bullets into the public water supply in violation of the CWA, and because it has no intention of recovering them has violated RCRA.  This Court, therefore, has authority to enjoin further discharges and order any action required to

abate the imminent and substantial endangerment created by significant amounts of lead in the public water supply.

    With this authority, the Court also has authority to allow discovery to continue according to the rules. Plaintiffs' expert, James Barton, a former Navy Small Arms Marksmanship Instructor (SAMI) is in town to evaluate the factual assertions being put forward by Defendants as a reason to hold discovery in abeyance and to offer expert testimony if asked. Plaintiffs put Defendants on notice of this availability of Plaintiffs' expert for property inspection on several occasions and offered two dates to choose from. Defendants said Saturday was out so Plaintiffs requested Monday, March 17, 2007.

    The fact that training is going on is actually a benefit because Fed. R. Civ. P. 34(a)(2) allows for the operations on the property to also be inspected and photographed. Plaintiffs assert that inspecting ongoing training is very relevant to their case and to the issue of ongoing violations that Defendants have raised and therefore ask this Court to grant the motion.

                                                     Respectfully submitted,

                                                     /s/ Steven B. Pollack
                                                   Steven B. Pollack, Attorney
                                                   Executive Director, Blue Eco Legal Council
                                                   3390 Commercial Ave
                                                   Northbrook, IL 60062
                                                   847-436-9566

Dated March 13, 2008

**CERTIFICATE OF SERVICE**

The undersigned Plaintiffs' attorney hereby certifies that on the date below the following was filed electronically:

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO
MOTION TO COMPEL PROPERTY INSPECTION ON MARCH 17, 2008

Notice of this filing will be sent to all parties through the Courts electronic filing system. Parties can access this filing through the electronic filing system.

Dated: March 13, 2008

/s/ Steven B. Pollack
Steven B. Pollack, Attorney
Executive Director, Blue Eco Legal Council
3390 Commercial Ave
Northbrook, IL 60062
847-436-9566