Exhibit 1

44 Fed. Reg. 66213, Department of Defense Proposed Rule:
Small Arms Range, Great Lakes, Ill.; Danger Zone (Nov. 19, 1979)

Case 1:08-cv-00320   Document 23-2   Filed 03/20/2008   Page 1 of 3

[Left column — partially obscured by large "X" mark across page:]

...cified in the subject

...interim protective sales.

...ral rule. Except as provided ..., after the expiration date of ... contract, any natural gas ... the provisions of this subpart ... to be sold by the original ... until the requirements of ... (concerning bona fide offers) ... met.

...ditions of sale. Natural gas ... original purchaser under ... (a) of this section shall be ... the terms and conditions ... the subject contract in the ... the contract was in effect, ... the seller may charge no ... the price paid by the original ... on the day before the final ... tion was made.

Intervening third party sales.

...icability. This section applies ... gas to which this subpart ...

applicable subject contract ... and

... gas is covered by a first sale ... between the seller and a third ... chaser, entered into after the ... ination and prior to the date ... was issued as a proposed rule. ...lief. The original purchaser may ... later than January 15, 1980, to ... ssion for such relief as the ... on may determine appropriate.

Waiver of rights under this

...ral rule. The original ... may voluntarily waive its ... bona fide offer under § 277.05 ... of first refusal under ... or both rights.

...thod of waiver. Waiver under ... (a) of this section must be in ... signed by the original

Recordkeeping requirements.

...ers of natural gas which is ... this subpart must retain ... all bona fide offers under ... and offers to the original ... to satisfy the original ... a right of first refusal under ... The seller and purchasers of ... which is subject to this ... must also retain all other ... created in the ordinary ... business and which relate to ... art.

[FR Doc. 79-... Filed 11-16-79; 8:45 am]
BILLING CODE ...-01-M

DEPARTMENT OF TRANSPORTATION

Federal Highway Administration

Urban Mass Transportation Administration

23 CFR Part 771

49 CFR Part 662

[FHWA Docket No. 79-26]

Environmental Impact and Related Procedures

**AGENCIES:** Federal Highway Administration (FHWA) and Urban Mass Transportation Administration (UMTA), DOT.

**ACTION:** Extension of Comment Period.

**SUMMARY:** In the Federal Register of October 15, 1979 (44 FR 59438), FHWA and UMTA issued a notice of proposed rulemaking concerning the coordinated responses of the two agencies to Council on Environmental Quality (CEQ) regulations implementing the procedural provisions of the National Environmental Policy Act and to the implementing procedures issued by the Department of Transportation. Interested parties were given until November 14, 1979 to submit comments. Because of extensive interest in this action, a new closing date for comments has been established and is set out below.

**DATE:** Comments must be received on or before December 3, 1979.

**ADDRESS:** Submit written comments, preferably in triplicate, to FHWA Docket No. 79-26, Federal Highway Administration, Room 4205, HCC-10, 400 Seventh Street, S.W., Washington, D.C. 20590. All comments received will be available for examination at the above address between 7:45 a.m. and 4:15 p.m. ET, Monday through Friday. Those desiring notification of receipt of comments must include a self-addressed stamped postcard.

**FOR FURTHER INFORMATION CONTACT:**
FHWA: Dale Wilken, Office of Environmental Policy, 202-426-0106, or Irwin Schroeder, Office of the Chief Counsel, 202-526-0791. Office hours for FHWA are from 7:45 a.m. to 4:15 p.m. ET, Monday through Friday. UMTA: Peter Benjamin, Office of Transit Assistance, 202-472-2435, or John Collins, Office of the Chief Counsel, 202-426-1906. Office hours for UMTA are from 8:30 a.m. to 5 p.m. ET, Monday through Friday.

Dated: November 13, 1979.
John S. Hassell, Jr.,
*Acting Administrator, Federal Highway Administration.*
Lillian C. Liburdi,
*Acting Deputy Administrator, Urban Mass Transportation Administration.*

[FR Doc. 79-35520 Filed 11-16-79 8:45 am]
BILLING CODE 4910-57-M

---

DEPARTMENT OF DEFENSE

Corps of Engineers, Department of the Army

33 CFR Part 204

Small Arms Range, Great Lakes, Ill.; Danger Zone

**AGENCY:** U.S. Army Corps of Engineers, DoD.

**ACTION:** Proposed Rule.

**SUMMARY:** The Corps of Engineers proposes to revise the regulations which establish a danger zone at the small arms range adjacent to the U.S. Naval Training Center, Great Lakes, Illinois. The revision is necessary to accommodate the current training and practice routine at the range.

**DATE:** Comments must be received by December 20, 1979.

**ADDRESS:** HQDA, DAEN-CWO-N, Washington, D.C. 20314.

**FOR FURTHER INFORMATION CONTACT:**
Mr. Ralph T. Eppard, Telephone (202) 272-0200.

**SUPPLEMENTARY INFORMATION:**
Regulations have been promulgated by the Department of the Army in 33 CFR 204.175 on 30 January 1951 to establish a danger zone for a small arms range on Lake Michigan approximately 2 miles south of the entrance to Waukegan Harbor, Illinois. These amendments affect paragraph (b) by eliminating the buoys used on the north and south points on the eastern limits of the range and to delete the requirement for streamers to be displayed when firing is in progress. Red warning flags will be flown when firing is conducted at the range. When firing rifles at the range, spotters will be employed on the lake shore to observe the impact area and suspend shooting if any craft enters the danger zone. It should be noted that all fire is intended to impact into the berms and not impact into the lake. Only an errant round or ricochet would impact into the lake.

Accordingly, the U.S. Army Corps of Engineers proposes to amend 33 CFR 204.175(b) as set forth below:

§ 204.175 Lake Michigan: Small arms range adjacent to U.S. Naval Training Center, Great Lakes, Ill.

* * * * *

(b) *The regulations.* (1) When firing affecting the danger zone is in progress, the enforcing agency will post guards at such locations that the waters in the danger zone may be observed and arrange signals whereby these guards may stop the firing should any person or vessel be seen in the waters of the danger zone. When firing is in progress, the enforcing agency will cause red flags to be displayed on shore near the rifle butts, which may be readily discernible to a person in a vessel within the danger zone.

* * * * *

(3) If such flags are displayed it will indicate that firing is in progress, and that the waters in the danger zone are subject to impact by rounds missing or ricocheting off the impact berm and should not be entered until the flags are lowered.

* * * * *

(5) Deleted.

* * * * *

Authority.—(40 Stat. 266; 33 U.S.C. 1) and (40 Stat. 892; 33 U.S.C. 3).

Notes.—The Chief of Engineers has determined that this regulation will not impose unnecessary burdens on the economy or on individuals and therefore, is not significant for the purposes of E.O. 12044. A regulatory analysis is not required.

Dated: November 7, 1979.

Forrest T. Gay III,
*Colonel, Corps of Engineers, Executive Director, Engineer Staff.*

[FR Doc. 79-35515 Filed 11–16–79; 8:45 am]

BILLING CODE 3710–92–M

---

**ENVIRONMENTAL PROTECTION AGENCY**

**40 CFR Part 52**

[FRL 1362-2]

**State and Federal Administrative Orders Revising the Michigan State Implementation Plan**

**AGENCY:** U.S. Environmental Protection Agency.

**ACTION:** Proposed Rule: Proposed Approval of Revision.

**SUMMARY:** U.S. Environmental Protection Agency (USEPA) proposes to approve Michigan Air Pollution Control Commission's request for a revision to the Michigan State Implementation PLan (SIP). The revision is a Final Order issued by the Michigan Air Pollution Control Commission (MAPCC). The Final Order was the result of the Stipulation and Consent Order entered into by the Consumers Power Company and the Air Quality Division of the Michigan Department of Natural Resources. The Order extends the date by which the Company is required to bring sulfur dioxide emissions from coal-fired boilers at its J.H. Campbell Plant located in the Township of Port Sheldon, Ottawa County, Michigan, into compliance with certain regulations contained in the federally approved Michigan State Implementation Plan (SIP). The Order extends the date for compliance from January 1, 1980 to January 1, 1985. Any Order which has been issued to a major source and extends the SIP compliance date for meeting the sulfur dioxide emission limitations must be approved by USEPA before it becomes effective as a SIP revision under the Clean Air Act. 42 U.S.C. 7410. If approved by USEPA, the extension will constitute a revision to the SIP. The purpose of this Notice is to invite public comment on USEPA's proposed approval of the MAPCC Order dated June 25, 1979.

**DATE:** Written comments must be received by December 19, 1979.

**ADDRESSES:** Please send comments to: Steve Rothblatt, Chief, Air Programs Branch, U.S. Environmental Protection Agency, Region V, 230 South Dearborn Street, Chicago, Illinois 60604.

The State Order, supporting material and public comment received in response to this notice may be inspected and copied (for appropriate charges) during normal business hours at the above address or at: Michigan Department of Natural Resources, Air Quality Division, State Secondary Complex, General Office Building, 7150 Harris Drive, P.O. Box 30028, Lansing, Michigan 48909.

**FOR FURTHER INFORMATION CONTACT:**
Joel Morbito, Air and Hazardous Materials Division, U.S. Environmental Protection Agency, 230 South Dearborn Street, Chicago, Illinois 60604 (312) 886-6059.

**SUPPLEMENTARY INFORMATION:**
Consumers Power Company uses coal as fuel in its electrical generating facility, commonly known as the Campbell Plant, in the township of Port Sheldon, Ottawa County, Michigan.

On January 17, 1978 the Michigan Air Pollution Control Commission (Commission) received Consumers Power Company's (Consumers) request to defer compliance with the sulfur dioxide emission standards specified in Tables 3 and 4 of Rule 336.49 of the Commission's Rules and Regulations for Air Pollution Control. Consumers requested that compliance be deferred from January 1, 1980 to January 1, 1985.

Rule 336.49 sets sulfur dioxide emission limitations for power plants in the State of Michigan. Rule 336.49(1) allows for deferred compliance if power plant emissions do not create or contribute to an ambient level of sulfur dioxide in excess of the applicable air quality standards. Rule 336.49(2) prohibits exceptions to the limitations of Table 3 beyond January 1, 1980 unless authorization is granted by the Commission.

In accordance with Rule 336.49(2) Consumers applied for an extension of the January 1, 1980 compliance date for sulfur dioxide emissions. In its application Consumers requested that the compliance date be extended to January 1, 1985, and provided information and demonstrations which were required by Rules 336.141-147.

As a result of Consumers' application, a public hearing was held May 15, 1979 on proposed Consent Order APC No. 6-1979 entered into by Consumers and the Air Quality Division of Michigan's Department of Natural Resources. Their testimony that the proposed Order did not appear to contain any interim reduction for the twenty-four hour average of sulfur dioxide emissions, and that the air quality models and meteorological data did not take into account the gradient onshore and lake breeze fumigation effects. The Commission authorized the entrance of the Order with the provision that the problem with the air quality modeling study be resolved.

The Order extended the compliance date for meeting sulfur dioxide emission limitations to January 1, 1985. The Commission stated in the Order that if Consumers complied with the terms of the proposed Order, the extension would not interfere with the attainment or maintenance of the National Ambient Air Quality Standards for any pollutant. The proposed Order was thereafter stipulated on June 22, 1979 as a Consent Order between Consumers and the Air Quality Division of Michigan's Department of Natural Resources. On June 25, 1979 the Consent Order was issued by the Michigan Air Pollution Control Commission as the Commission's Final Order.

The Final Order rescinds and supersedes Performance Contract No. 973-10 and extends the compliance date for meeting the sulfur dioxide emission limitations of Commission Rule 336.49 to January 1, 1985. The Order also contains provisions by which it may be modified or revoked. Under the Order Consumers must comply with the following terms and time schedule for the control