# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Steven B. Pollack and ) | |
| Blue Eco Legal Council, ) | |
|  ) | |
| Plaintiffs, ) | Case Number:    08-cv-320 |
|  ) | Assigned Judge:    Guzman |
| v.  ) | Magistrate Judge:    Brown |
|  ) | |
| United States Department of Justice, ) | |
| United States Coast Guard, ) | CWA, RCRA, CERCLA, AND |
| United States Navy, ) | PUBLIC NUISANCE FTCA CASE |
| United States Marines, and ) | |
| United States Department of Defense, ) | |
|  ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION, PROPERTY INSPECTION, AND FOR RULE 37 SANCTIONS

Plaintiffs ask this Court to order Defendants to turn over the document "r Ammon Budget 2005 – 2008" as previously ordered on March 26, 2008. Plaintiffs further request this Court order that Plaintiffs be allowed to visually inspect the inside of all structures on the property, including the ammunition storage magazine, for evidence of chemical munitions and explosives use. Plaintiffs finally request Defendants be sanctioned pursuant to Rule 37 for defying this Court's prior order for the disclosure of three years of ammunition records.

Defendants had requested that Plaintiffs agree to a protective order regarding document "r Ammon Budget 2005-2008." see Exhibit 1, *Defendants' Proposed Protective Order*. Plaintiff responded that some offer would need to be made about the subject matter of the document. The parties spoke via telephone on Thursday April 17, 2008 in which Defendants' counsel skimmed through this 208 page document and described the contents to Plaintiff. One of the pages indicated that chemical munitions were purchased and Defendants' attorney explained that this page references 40mm Ferret® rounds. Details of the protective order were then discussed and Plaintiffs' attorney said he would need time for research and expert consultation to decide whether to agree to the order.

Ferret rounds refer to munitions launched through windows and doors for the delivery of chemicals, such as CS or OC. see Exhibit 2, *Specification Manual Ferret® 40* (2006). The

Army has a range safety manual that discusses the use of these Riot Control Agents (RCA) and requires that field training be located 1,000 meters from the installation boundary. see Exhibit 3, *U.S. Army Range Safety Pamphlet*, Pg. 142-43 (May 2003).  The FBI's North Chicago range is only 100 meters wide so there is no location where training could be conducted 1,000 meters from the installation boundary. see Exhibit 4, *Google Map*.

Plaintiff called Defendants' attorney on Friday, April 18, 2008 to let them know that there would be no agreement on the protective order.  Defendants' counsel then stated that the page referenced as chemical munitions from the document titled "r Ammon Budget 2005 – 2008" was not responsive to the request for documents pertaining to this facility.  Defendants also refused to answer a direct question whether chemical munitions are being used at this facility. Plaintiff again tried via telephone on April 21, 2008 to get Defendants to turn over this document and admit chemical munitions use. During this conversation, Defendants stated they would not hand over the document nor would they be filing a motion for a protective order by the April 21, 2008 agreed discovery deadline.  Again they refused to answer if chemical munitions are being used.

Plaintiffs are not satisfied that these chemical munitions are not in use at this facility.  The rappel tower design on this property indicates urban assault style tactical training is being conducted. The use of 40mm Ferret® chemical rounds and explosive breaching charges is consistent with this type of tactical training. There would also have been no reason for Defendants to have responded with this document and to seek a protective order if it was not responsive to this facility.  Furthermore, Defendant's only denied that this page was responsive once Plaintiffs rejected the protective order.  If chemical munitions and explosives are being used at this facility in violation of standards created by the US Army and accepted by the U.S Marine Corps and U.S. Army National Guard, then the affected public has a right to know.

Plaintiffs therefore request that Defendants be ordered to immediately hand over the document titled "r Ammon Budget 2005-2008." Plaintiffs further request an immediate inspection following this motion of all interior structures on the property, including the ammunition and hazardous material storage at the range, for evidence of RCA and explosives use.  Plaintiffs finally request this Court sanction Defendants for defying its order that three years of ammunition records be handed over in discovery.  Such sanction should include Plaintiffs' cost in bringing this motion, and pursuant to Fed. R Civ. P. 37 (b)(2)(A)(i) (i) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of

the action, as the prevailing party claims." Specifically, this Court should find that the FBI is using this range in an unsafe manner by employing ammunition and explosives exceeding its 14 acre capacity and thereby involuntarily exposing neighbors to physical and environmental danger.

        Respectfully submitted,

        s/ Steven B. Pollack
        Steven B. Pollack, Attorney
        Executive Director, Blue Eco Legal Council
        3390 Commercial Ave
        Northbrook, IL 60062
        847-436-9566

**CERTIFICATION OF GOOD FAITH EFFORT TO OBTAIN DISCOVERY WITHOUT INVOLVING THIS COURT**

As detailed in the motion, Plaintiffs tried to obtain discovery pertaining to ammunition records in three separate phone conversations. Additionally, several emails were exchanged between the parties regarding this document. Defendants demanded a protective order before turning over this document but failed to file for one by the agreed discovery date. Plaintiffs need this discovery pertaining to jurisdictional facts to respond to Defendants' motion to dismiss that is due April 30, 2008.

Dated: April 22, 2008                      /s/ Steven B. Pollack
                                                          Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below the foregoing PLAINTIFFS' MOTION TO COMPEL PRODUCTION, PROPERTY INSPECTION, AND FOR RULE 37 SANCTIONS was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: April 22, 2008                      /s/Steven B. Pollack
                                                          Counsel for Plaintiffs