UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Steven B. Pollack and ) | |
| Blue Eco Legal Council, ) | |
| ) | |
| Plaintiffs, ) | Case Number: 08-cv-320 |
| ) | Assigned Judge: Guzman |
| v. ) | Magistrate Judge: Brown |
| ) | |
| United States Department of Justice, ) | |
| United States Coast Guard, ) | CWA, RCRA, CERCLA, AND |
| United States Navy, ) | PUBLIC NUISANCE FTCA CASE |
| United States Marines, and ) | |
| United States Department of Defense, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF TWO
ENVIRONMENTAL STUDIES BY THE U.S. NAVY

Plaintiffs ask this Court to once again order Defendants to turn over the following two documents:

> Naval Energy and Environmental Support Activity, Initial Assessment Study of Naval Complex Great Lakes, Illinois (3/86) and related memorandum.

> Rogers, Golden & Halpern, Navy Initial Assessment Study, Naval Complex (NC) Great Lakes, Illinois (3/86).

On March 26, 2008, Plaintiffs requested and the Court ordered these two documents be produced. Plaintiff had argued that these documents were being withheld by Defendant Navy in a Freedom of Information Act dispute and the Court responded that this was not a FOIA case. When Plaintiff explained that these documents represent studies conducted pertaining to this facility and its effect on Lake Michigan, the Court ordered them turned over.

Defendants have only turned over a few pages of what is likely a substantial document, claiming these are the only pages responsive to the jurisdictional discovery issues. See Exhibit 1. Plaintiffs reject allowing Defendants to determine what in these documents are responsive and what is not. These are environmental studies so there should be no issues of secret information being disclosed.

It would not surprise Plaintiffs if these documents state that the firearms range is known to be discharging ricochets into adjacent Foss Park and that Defendants are resisting their release simply because they contain information harmful to Defendants jurisdictional arguments. The only way Plaintiffs will know what parts of these documents are responsive and what are not is for the complete documents to be released.

Plaintiffs therefore request that the Defendants once again be ordered to turn over these entire documents or else be subject to the sanctions requested in a separate motion.

Respectfully submitted,

s/ Steven B. Pollack
Steven B. Pollack, Attorney
Executive Director, Blue Eco Legal Council
3390 Commercial Ave
Northbrook, IL 60062
steve@ecoesq.com
847-436-9566

### CERTIFICATION OF GOOD FAITH EFFORT TO OBTAIN DISCOVERY WITHOUT INVOLVING THIS COURT

Plaintiffs sought, and received, an order of this Court that two Navy environmental studies be turned over. Defendants produced several pages out of what are likely substantial documents. Plaintiffs then tried to obtain these studies in multiple email conversations with Defendants. Plaintiffs need this discovery pertaining to jurisdictional facts to respond to Defendants' motion to dismiss that is due April 30, 2008.

Dated: April 28, 2008                /s/ Steven B. Pollack
                                     Counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on the date below the foregoing PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF TWO ENVIRONMENTAL STUDIES BY THE U.S. NAVY was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: April 28, 2008                /s/Steven B. Pollack
                                     Counsel for Plaintiffs