UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Steven B. Pollack and ) | |
| Blue Eco Legal Council, ) | |
| ) | |
| Plaintiffs, ) | Case Number:   08-cv-320 |
| ) | Assigned Judge:   Guzman |
| v. ) | Magistrate Judge:   Brown |
| ) | |
| United States Department of Justice, ) | |
| United States Coast Guard, ) | CWA, RCRA, CERCLA, AND |
| United States Navy, ) | PUBLIC NUISANCE FTCA CASE |
| United States Marines, and ) | |
| United States Department of Defense, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS
PURSUANT TO RULE 37

Plaintiffs request this Court sanction Defendants for defying its prior orders made March 26, 2008 for the production of jurisdictional discovery. Defendants were ordered to turn over 1986 Navy environmental assessments but only turned over a few pages. Defendants were ordered to turn over three years of ammunition use records but have produced none. Defendants were ordered to turn over three years of VIP range use records but produced nothing responsive except for a few heavily redacted pages without useful information.

Such sanctions should include Plaintiffs' cost in bringing these motions, and pursuant to Fed. R Civ. P. 37 (b)(2)(A)(i): "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Specifically, if the Navy environmental documents are not turned over in whole, this Court should take as established that the Defendants had knowledge since 1986 that bullets ricochet onto adjacent property and into Lake Michigan. If the ammunition records are not turned over, this Court should take as established that there were ongoing violations of lead shot and clay targets being discharged into Lake Michigan at the time this suit was filed. Finally, if the VIP records are not turned over, this Court should take as established that this range is used extensively by people and groups the FBI considers VIP's thereby allowing amateur shooters to discharge lead munitions with a higher likelihood of off-target ricochets.

Respectfully submitted,

s/ Steven B. Pollack
Steven B. Pollack, Attorney
Executive Director, Blue Eco Legal Council
3390 Commercial Ave
Northbrook, IL 60062
steve@ecoesq.com
847-436-9566

**CERTIFICATION OF GOOD FAITH EFFORT TO OBTAIN DISCOVERY WITHOUT INVOLVING THIS COURT**

Plaintiffs sought, and received, an order of this Court that Navy environmental studies, three years of ammunition use records, and three years of VIP range use be turned over. Defendants' production has been purposely limited and Plaintiffs have made numerous efforts to resolve this without involving this Court. Plaintiffs need this discovery pertaining to jurisdictional facts to respond to Defendants' motion to dismiss that is due April 30, 2008.

Dated: April 28, 2008                   /s/ Steven B. Pollack
                                        Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below the foregoing PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS PURSUANT TO RULE 37 was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: April 28, 2008                   /s/Steven B. Pollack
                                        Counsel for Plaintiffs