UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN B. POLLACK AND BLUE ECO LEGAL COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES COAST GUARD, UNITED STATES NAVY, UNITED STATES MARINE CORPS, AND UNITED STATES DEPARTMENT OF DEFENSE, <br><br> Defendants. | No. 08 C 320 <br> Judge Guzmán |

**DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants United States Department of Justice (Federal Bureau of Investigation), United States Coast Guard, United States Navy, United States Marine Corps, and United States Department of Defense hereby move to dismiss the Second Amended Complaint in its entirety. As is explained in the accompanying United States' Combined Memorandum of Law in Support of its Motion to Dismiss Second Amended Complaint and Opposition to Plaintiffs' Motion for Preliminary Injunction also filed today,[1] Plaintiffs lack constitutional standing to bring their environmental claims in Counts I-IV regarding the Federal Bureau of Investigation training facility and water-based Coast Guard live-fire training exercises. This Court also lacks subject matter jurisdiction over those same claims for a host of reasons. Notable among them is that Plaintiffs' claims concerning the FBI's facility are barred by operation of law because the FBI is conducting a response action at its facility. As to the Coast Guard training exercises, the complained-of training exercises were formally halted in 2006, and Plaintiffs allege no

---

[1] Because of the considerable overlap between the reasons why the Second Amended Complaint should be dismissed and the United States' arguments in opposition to the Plaintiffs' Motion for Preliminary Injunction (Dkt. 13), the United States has filed a combined brief that addresses both and presents the issues in an orderly and efficient manner.

specific facts about what the Coast Guard is supposedly doing currently to violate any of the federal environmental statutes that Plaintiffs invoke to establish this Court's jurisdiction, including as to alleged activities on the "East Coast." This Court also lacks subject matter jurisdiction over Plaintiffs' claims under the Federal Tort Claims Act because Plaintiffs failed to exhaust administrative remedies.

WHEREFORE, for the reasons stated in the accompanying memorandum, as well as any other arguments and materials to be submitted in support of the relief requested herein, the Court should grant this motion and dismiss the Second Amended Complaint.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

Dated: April 30, 2008

/s/ David S. Gualtieri
DAVID S. GUALTIERI
MATTHEW R. OAKES
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
(202) 514-4767; (202) 514-8865 (fax)
David.Gualtieri@usdoj.gov

PATRICK J. FITZGERALD
United States Attorney

/s/Linda A. Wawzenski
LINDA A. WAWZENSKI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1994
linda.wawzenski@usdoj.gov