# Attachment 11

to United States' Memorandum in Support of Motion to Dismiss Second Amended Complaint

Declaration of Lorenzo Ferguson

IN THE UNITED STATES DISTRICT COURT
OR THE DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN B. POLLACK and<br>BLUE ECO LEGAL COUNCIL<br><br>Plaintiffs,<br><br>v,<br><br>United States Department of Justice<br>United States Coast Guard,<br>United States Navy)<br>United States Marines, and<br>United States Department of Defense,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION

I, Lorenzo Ferguson, declare as follows:

1. I am the Chief, Operations and Records Branch, U.S. Army Claims Service, 4411 Llewellyn Avenue, Fort Meade, Maryland 20755-5360. In this capacity, I have access to records of all claims against the United States for which the Army has investigative responsibility. The U.S. Army Claims Service, Tort Claims Division investigates, processes, and administratively settles non-contractual tort claims against the Department of Defense and the U.S. Army. This includes claims under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680, and other related tort claims statutes.

2. A thorough search of all records available to this Service has found that no administrative claim was filed by Steven B. Pollack and Blue Eco Legal Council under the above-mentioned statutes.

3. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

                                                  Lorenzo Ferguson
                                                  Chief, Operations and Records
                                                  U.S. Army Claims Service

Executed this day 27th of February 2008, at Fort George G. Meade, Maryland.

# Attachment 12

to United States' Memorandum in Support of Motion to Dismiss Second Amended Complaint

Declaration of Sanders M. Moody

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Steven B. Pollack and Blue Eco Legal Council, <br><br> Plaintiffs, <br><br> v. <br><br> United States Department of Justice, United States Coast Guard, United States Navy, United States Marines, and United States Department of Defense, <br><br> Defendants. | Case Number: 08-cv-320 <br> Assigned Judge: Guzman <br> Magistrate Judge: Brown <br><br> CWA, RCRA, CERCLA, AND PUBLIC NUISANCE FTCA CASE |

DECLARATION OF SANDERS M. MOODY, LCDR, U.S. COAST GUARD

I, LCDR SANDERS M. MOODY, hereby declare and say:

1. I currently am assigned as Chief, Claims and Litigation Branch, Coast Guard Maintenance and Logistics Command (MLCLANT), Norfolk, Virginia. As Chief, Claims and Litigation Branch, I am responsible for the processing of administrative claims, other than contract claims, asserted against the Coast Guard pursuant to 33 C.F.R. Part 25. This office processes all claims filed in the Coast Guard Atlantic Area, which includes the State of Illinois. I am also the custodian of records for all claims records that are processed by this office. I have been an attorney for the Coast Guard since August of 1993. I am making the following statements based upon my review of information and records that have been made available to me in my official

capacity.

2. The Coast Guard records do not show an administrative claim filed by Steven B. Pollack and Blue Eco Legal Council. To the best of my knowledge the recordkeeping database system to which administrative claims are logged when received by this office contains all claims filed with office since at least the year 1997.

I verify under penalty of perjury, in accordance with 28 U.S.C. 1746, that the foregoing is true and correct.

Executed this 5th day of February 2008.

Sanders M. Moody, LCDR
U. S. Coast Guard
Chief, Claims and Litigation

# Attachment 13

to United States' Memorandum in Support of Motion to Dismiss Second Amended Complaint

Declaration of William L. Harris

IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN B. POLLACK. et al., | Case No. 08-CV-320 |
| Plaintiffs, | DECLARATION OF WILLIAM L. HARRIS |
| v. | |
| U.S. DEPARTMENT OF JUSTICE, et. al., | |
| Defendants | |

## DECLARATION OF WILLIAM L. HARRIS
## FEDERAL BUREAU OF INVESTIGATION

I, William L. Harris, hereby declare as follows:

1. I am employed by the Federal Bureau of Investigation (FBI), and I am currently a paralegal specialist with Civil Discovery Review Unit II, Office of the General Counsel, located in Washington, D.C. I have served in this capacity from approximately July 25, 1993, to the present.

2. As a paralegal specialist with Civil Discovery Review Unit II, I have access to the indices of the records contained in the FBI's Central Records System.

3. The records in the Central Records System include records of administrative claims submitted to the FBI under the Federal Tort Claims Act. All administrative claims submitted to the FBI are indexed into the FBI's Central Records System. Once indexed, a record of an administrative claim is retrievable through a search of the general indices to the FBI's Central Records System.

4. I have made a diligent search of the general indices to the FBI's Central Records System as of February 22, 2008, for any records retrievable to the name of plaintiffs Steven B. Pollack and the Blue Eco Legal Council. This search disclosed no record of any administrative claim submitted to the FBI by or on behalf of Steven B. Pollack or the Blue Eco Legal Council, the plaintiffs in the above-captioned lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____22th_____ day of February, 2008.

William L. Harris
Paralegal Specialist
Civil Discovery Review Unit II
Office of the General Counsel
Federal Bureau of Investigation
Washington, D.C.

-2-

# Attachment 14

to United States' Memorandum in Support of Motion to Dismiss Second Amended Complaint

Declaration of Patricia A. Leonard

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN B. POLLACK and<br>BLUE ECO LEGAL COUNCIL<br><br>        Plaintiffs<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>UNITED STATES COAST GUARD,<br>UNITED STATES NAVY,<br>UNITED STATES MARINES, AND<br>UNITED STATES DEPARTMENT OF DEFENSE<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case Number: 08-cv-320<br>) Assigned Judge: Guzman<br>) Magistrate Judge: Brown<br>)<br>)<br>) CWA, RCRA, CERCLA, AND<br>) PUBLIC NUISANCE FTCA CASE<br>)<br>)<br>)<br>) |

DECLARATION

DECLARANT states as follows, to wit:

THAT, I am PATRICIA A. LEONARD, presently serving as Director, Claims and Tort Litigation Division, Office of the Judge Advocate General, Department of the Navy, 1322 Patterson Avenue, SE, Suite 3000, Bldg 33, Code 15, Washington Navy Yard, DC 20374-5066.

THAT, in this position, I am responsible for the supervision and monitoring of the practices and procedures relative to all administrative claims presented to the Department of the Navy arising under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680 (2007)), and the supervision and monitoring, on behalf of the Department of the Navy, of all litigation in Federal District Courts generated by such claims.

THAT, I am the custodian of the Department of the Navy's Claims and Tort Litigation records.

THAT, acting in the aforementioned capacity, I have caused a search to be made of the records maintained within the Office of the Judge Advocate General of the Navy (OJAG), which includes the OJAG Tort Claims Unit, Norfolk, Norfolk, Virginia; to determine whether the plaintiffs, Steven B. Pollack and Blue Eco Legal Council, filed an administrative claim against the Department of the Navy, in any capacity, prior to commencing this action as required by 28 U.S.C. § 2675(a) (2007).

THAT, all reasonable searches have failed to reveal that the plaintiffs, Steven B. Pollack and Blue Eco Legal Council, have filed such an administrative claim and, to the best of my knowledge and belief, the plaintiffs, Steven B. Pollack and Blue Eco Legal Council, have not filed an administrative claim with or against the Department of the Navy based on the subject matter of this action.

I declare under penalty of perjury that the foregoing Declaration is true and correct.

2-11-08
Date

P. A. LEONARD

2

# Attachment 15

to United States' Memorandum in Support of Motion to Dismiss Second Amended Complaint

Pollack  January 18, 2007 Letter


**Steven B. Pollack**
ATTORNEY
1954 First St. Unit 237  Highland Park, IL 60035  847-436-9566

David S. Gualtieri
U.S. Dept. of Justice, ENRD/EDS
P.O. Box 23986
Washington, DC 20026-3986

Dear Mr. Gualtieri:

I have had time to consider your letter requesting that I suspend litigation against the Coast Guard for as long as the Coast Guard decides to suspend its live fire training.

Let me give you my perspective on your request and the reasoning behind it before I answer. In essence you are saying the US EPA has unlimited enforcement discretion as to when, and if, it enforces the environmental laws of the United States. Additionally you raise objections to whether the US EPA can and should enforce the environmental laws of the United States when a sister agency is the polluter.

Without addressing the legal merits of your argument, I am very concerned as a citizen that your position elevates the concerns of the polluting agency over that of the enforcing agency. Was it naïve of me to believe that DOJ's mission includes upholding the law? It appears that the Environmental Defense Section acts more like in-house counsel for federal polluters than the department of our federal government whose job is to enforce the laws.

Whatever discretion US EPA has to not enforce against a sister agency, Congress clearly took complete enforcement discretion out of the hands of US EPA by enacting the citizen suit provisions of the various environmental laws of the United States. These citizen suit provisions contain clear waivers of sovereign immunity for suits against the government.

The pragmatic considerations you raise have nothing to do with the merits of whether the Coast Guard broke the law. I am not a lazy attorney and the prospect of fighting through the various standing issues does not bother me. In my view you are using them to block me from getting to the merits of what is still a decision under consideration by the Coast Guard.

If you are simply asking me to stand down for my own good then my answer is no. If, however, you want to talk about ways to avoid litigation based on a change in the Coast Guard's position, (and under your unitary executive theory that of the entire U.S. Government) then I am willing to talk. At the very least I demand the following in order to settle this issue without litigation:

1. The Coast Guard will admit it violated the CWA, RCRA, and CERCLA with its prior training exercises
2. The Coast Guard will admit that the discharge of lead bullets into the Great Lakes is illegal under these statutes.

3. The US EPA will assess the environmental effects from the prior Coast Guard training and evaluate feasible alternatives to mitigate damage to human health and the environment.
4. The Coast Guard will fund a Supplemental Environmental Project by making a $75,000 cash donation to either the Chicago Environmental Law Clinic or the Natural Resources Defense Council
5. The Coast Guard will pay me the reasonable value of my time for enforcing the environmental laws of the United States

Please present this offer to your client. I will keep it open until the end of the day on Jan. 25, 2007 after which time I will file suit, if at all, without further notice.

Best regards,


Steven B. Pollack