UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN B. POLLACK AND BLUE ECO LEGAL COUNCIL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 C 320 |
| UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES COAST GUARD, UNITED STATES NAVY, UNITED STATES MARINE CORPS, AND UNITED STATES DEPARTMENT OF DEFENSE, | ) ) ) ) ) ) ) | Judge Guzmán |
| Defendants. | ) | |

**STATUS HEARING STATEMENT**

At the May 1, 2008 hearing in this action, the Court set a status hearing for May 21, 2008, to address further proceedings regarding Plaintiffs' Motion for Preliminary Injunction ("PI Motion"; Dkt. 13). On May 15, 2008, Plaintiffs filed their reply memorandum on the PI Motion; therefore, the PI Motion is fully briefed. In this statement, and in anticipation of the May 21, 2008, status hearing, the Defendants present their views regarding further proceedings on the PI Motion.

**The Court Should Defer Proceedings on the PI Motion Until After It Determines Whether it Has Jurisdiction:** On April 30, 2008, the Defendants filed a Motion to Dismiss the Second Amended Complaint (Dkt. 47) and a Combined Memorandum of Law in Support of its Motion to Dismiss and Opposition to Plaintiffs' Motion for Preliminary (Dkt. 48) presenting several arguments as to why this Court lacks subject matter jurisdiction over the entire Second Amended Complaint and challenging the Plaintiffs' constitutional standing to bring their claims. Thus, the Defendants have argued that the Second Amended Complaint should be dismissed and the PI Motion denied because the Court lacks jurisdiction. Where subject matter jurisdiction does not exist, "the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Therefore, before deciding or conducting further proceedings on

the PI Motion, such as an evidentiary hearing, the Court should assure itself of its jurisdiction (for instance, by deciding the Motion to Dismiss). *See id.*; *see also, e.g., Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985) ("Where a challenge to jurisdiction is interposed on an application for a preliminary injunction [t]he plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits.") (citation and internal quotation marks omitted); *Small v. Kiley*, 567 F.2d 163, 164 n.1 (2d Cir. 1977) ("[T]he district court should not have granted a preliminary injunction without first having determined whether it had jurisdiction to do so."). The Defendants suggest that the Court postpone the May 21, 2008 status hearing on the PI Motion and re-schedule it, if necessary, some time after the Court determines that it has jurisdiction to hear the PI Motion.

**The Court Can Decide the PI Motion Based on Strictly Legal, Jurisdictional Issues and Need Not Convene an Evidentiary Hearing:** For the reasons explained in the Defendants' opposition to the PI Motion (Dkt. 48 at 27-30), the Court should deny the PI Motion. To obtain a preliminary injunction, Plaintiffs must satisfy four criteria. *See, e.g., Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (enumerating criteria for preliminary relief). The first of those criteria, requiring Plaintiffs to show a reasonable likelihood of succeeding on the merits of their claim, is the most important, as "[a] party with no chance of success on the merits cannot attain a preliminary injunction." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002) (citing *Kiel v. City of Kenosha*, 236 F.3d 814, 815 (7th Cir. 2000). If the Court reaches the PI Motion before deciding the Motion to Dismiss, the Defendants submit that in the context of the PI Motion the Court can decide, strictly as a matter of law, that it lacks subject matter jurisdiction and that the Plaintiffs lack standing as to the claims at issue in the PI Motion. As such, the Plaintiffs have no chance of success on the merits, and the Court can deny the PI Motion without addressing (or convening a hearing on) the factual issues that arise with respect to the other factors for preliminary injunction. Accordingly, the Defendants suggest that the Court defer further proceedings on the PI Motion, including the May 21, 2008 hearing, until such time as the Court determines that it requires argument or evidence beyond that submitted in the briefs.

**A Status Hearing is Not Otherwise Necessary**. Were the Court to agree based on the

above that a hearing on May 21, 2008, to address proceedings on the PI Motion is not necessary, the Defendants also submit that a status hearing is not necessary as a general matter. The Court was recently apprised of general case developments at the May 1, 2008, hearing and the Defendants provided further information regarding the status of discovery and other matters in their May 12, 2008, Status Report (Dkt. 53).

Respectfully submitted,

Dated: May 16, 2008

/s/ David S. Gualtieri
DAVID S. GUALTIERI
MATTHEW R. OAKES
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
(202) 514-4767; (202) 514-8865 (fax)
David.Gualtieri@usdoj.gov

PATRICK J. FITZGERALD
United States Attorney

/s/Linda A. Wawzenski
LINDA A. WAWZENSKI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1994
linda.wawzenski@usdoj.gov