UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Steven B. Pollack and<br>Blue Eco Legal Council,<br><br>   Plaintiffs,<br><br>  v.<br><br>United States Department of Justice,<br>United States Coast Guard,<br>United States Navy,<br>United States Marines, and<br>United States Department of Defense,<br><br>   Defendants. | )<br>)<br>)<br>) Case Number: 08-cv-320<br>) Assigned Judge: Guzman<br>) Magistrate Judge: Brown<br>)<br>)<br>) CWA, RCRA, CERCLA, AND<br>) PUBLIC NUISANCE FTCA CASE<br>)<br>)<br>)<br>) |

PLAINTIFFS' SUPPLEMENTAL BRIEF
TO DEFENDANTS' MOTION TO DISMISS

  The Seventh Circuit issued an opinion on Monday, August 11, 2008 that is relevant to the instant case. *Village of Depue v. Exxon Mobil Corp.*, No. 07-2311 (7th Cir. 8/11/2008) (7th Cir., 2008). Section 113(h) does not bar review when the lead agency has not yet selected a remedial action. *From Depue*, 07-2311 at 15-16 (emphasis added)(clarifying that *Pollack v. U.S. Dep't of Defense,* 507 F.3d 522 (7th Cir. 2007) only applies where a challenge may affect a selected remedy):

> Section 113(h) is limited additionally in that, under the express terms of the statute, it applies only to bar jurisdiction over challenges to certain cleanups authorized under CERCLA, specifically to challenges to those **"remedial action[s] selected** under section 9604 of this title, or to review any order issued under section 9606(a) of this title." 42 U.S.C. § 9613(h). In effect, section 113(h) applies **only when** the EPA **has selected a remedial action** under section 9604 or issued an order under section 9606(a), and only then if the challenge arises under federal law. In that limited circumstance, section 113(h) removes jurisdiction over challenges to the EPA's **chosen remedial effort** until after the cleanup has been completed.

  Defendants have admitted, however, that they have not yet selected any remedial action, or even if one will ever be undertaken.

From Defendants' Motion to Dismiss, Attachment 5, ¶6, Declaration of Mark S. Lorenz (April 24, 2008) (emphasis added):

> The preliminary assessment is ongoing, includes many different components, and has several objectives, among them: determining the source and nature of any release, or threat of release, at the site; the magnitude of any release; **whether a removal site inspection and evaluation of off-site locations, such as Foss Park, is warranted; and, ultimately, determining whether contamination on-site warrants federal response action at all** or, if a federal response is warranted, whether that response should be a "removal" or "remedial" action under CERCLA.

*Depue* affirms what Plaintiffs argued in their motion for preliminary injunction reply brief, pg. 12, and their response to Defendants' motion to dismiss, pg. 7-8; that the limited assessment performed by the FBI has not advanced to a selected remedial action under section 9604 so as to invoke 113(h).

This Court should therefore find that the remedial action Plaintiffs request pursuant to RCRA and state nuisance law in Exhibits M and N to their complaint is not a challenge to a remedial action <u>selected</u> pursuant to CERCLA that would be barred by 113(h).

Respectfully submitted,

<u>s/ Steven B. Pollack</u>
Steven B. Pollack, Attorney
Executive Director, Blue Eco Legal Council
3390 Commercial Ave
Northbrook, IL 60062
steve@ecoesq.com
847-436-9566