UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN B. POLLACK AND BLUE ECO LEGAL COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES COAST GUARD, UNITED STATES NAVY, UNITED STATES MARINE CORPS, AND UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendants. | No. 08 C 320<br>Judge Ronald A. Guzmán |

### UNITED STATES' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING *VILLAGE OF DePUE v. EXXON*

The United States herein responds to Plaintiffs' Supplemental Brief to Defendants' Motion to Dismiss ("Pl. Suppl. Br.," Dkt. 61-2), which the Court allowed by minute order dated August 19, 2007 (Dkt. 63). Plaintiffs misread and mischaracterize the Seventh Circuit's recent decision in *Village of DePue, Ill. v. Exxon Mobil Corp.*, No. 07-2311, 2008 WL 3271917 (7th Cir. Aug. 11, 2008), to argue that CERCLA Section 113(h) does not bar challenges to CERCLA response actions until the FBI selects a final remedy at the FBI Range. As we explain below, *Village of DePue* does not even address this point of law and is otherwise wholly distinguishable from, and inapplicable to, the present action.

*Village of DePue*'s analysis of CERCLA Section 113(h), 42 U.S.C. § 9613(h), is extremely narrow, as the Seventh Circuit defined as the "sole question" before it "whether the district court, which had jurisdiction 'under section 1332 of Title 28,' nevertheless was divested of jurisdiction by section 113(h)." *Village of DePue,* 2008 WL 3271917, at *6. Because the case concerns only the application of the CERCLA Section 113(h) jurisdictional bar to a state law nuisance claim premised on *diversity* jurisdiction, its central focus is the Section 113(h) language providing that "[n]o Federal court shall have jurisdiction under Federal law *other than under section 1332 of Title 28 (relating to diversity of citizenship jurisdiction)*." 42 U.S.C. § 9613(h) (emphasis added).

The instant case is not a diversity action, thus Plaintiffs' federal claims, including Plaintiffs' nuisance claims under the Federal Tort Claims Act ("FTCA"), are unaffected by *Village of DePue* and remain subject to Section 113(h)'s "blunt withdrawal of federal jurisdiction." *See Village of DePue*, 2008 WL 3271917, at *6 (quoting *Pollack v. U.S. Dep't of Def.*, 507 F.3d 522, 525 (7th Cir. 2007)).[1] In other words, *Village of DePue*'s holding – that "[t]he plain language of section 113(h) states that the bar to jurisdiction does not apply to a *federal court sitting in diversity*" – has no application to this case. *Id.* at *7 (emphasis added)

By its own explicit terms, *Village of DePue* does not address the only proposition for which Plaintiffs cite it, *i.e.*, that the CERCLA 113(h) bar is not triggered until the response agency selects a final remedial action. *See* Pl. Suppl. Br. at 1. *Village of DePue* does not examine what constitutes a "remedial action selected under Section 9604 of this title," 42 U.S.C. § 9613(h), for the simple reason that the issue was not before the court. The passage from *Village of DePue* relied on by Plaintiffs, Pl. Suppl. Br. at 1, merely quotes, and then paraphrases by way of background discussion, the statutory language of Section 113(h). It is, at most, *dicta*. Plaintiffs nevertheless use the passage to suggest that *Village of DePue* (a panel decision) somehow overturned longstanding Seventh Circuit precedent that "challenges to the procedure employed in selecting a remedy nevertheless impact the implementation of the remedy and result in the same delays Congress sought to avoid by passage of [Section 113(h)]; the statute necessarily bars these challenges." *Schalk v. Reilly*, 900 F.2d 1091, 1097 (7th Cir. 1990).[2]

On the contrary, as we have explained, CERCLA removal and remedial actions are broadly defined to include the very assessment, evaluation, and other actions currently being conducted by the FBI at the FBI Range. *See* U.S. Mem. at 13-15 (citing cases); 42 U.S.C. § 9601(23), (24). Indeed, after rigorously surveying the Section 113(h) case law, the Tenth Circuit recently interpreted Section 113(h) as barring RCRA and APA claims that challenged an ongoing

---

[1] *Village of DePue* is further distinguishable because in this case Plaintiffs assert nuisance claims against agencies of the United States under the FTCA and allege that the Court has federal question jurisdiction (*i.e.*, *not* jurisdiction based on diversity of citizenship). As we have explained, Plaintiffs have not satisfied the FTCA's requirements for such claims and, thus, have failed to identify an applicable waiver of the United States' sovereign immunity for their claims. U.S. Mem. in Supp. Mot. Dismiss ("U.S. Mem.," Dkt. 48) at 25-27; U.S. Reply Mem. (Dkt. 60) at 12-14.

[2] *See also* U.S. Mem. at 13-15 (citing cases); U.S. Reply Mem. at 5 (citing cases).

CERCLA Section 104 response action by the Department of Defense, finding, as the United States advocates here, that: "§ 9613(h)'s jurisdiction strip applies, even if the Government has only begun to 'monitor, assess, and evaluate the release or threat of release of hazardous substances.'" *Cannon v. Gates*, 2008 WL 3905884, at *5 (10th Cir. Aug. 26, 2008) (citations omitted).

Another major distinction is that *Village of DePue* did not involve a response action under CERCLA Section 104 or an order issued under CERCLA Section 106(a). 42 U.S.C. §§ 9604, 9606(a). The Seventh Circuit carefully emphasized this lack of "federal involvement" at the site by stating: "In fact, Exxon has failed to show that any CERCLA-authorized remediation effort or, indeed, *any federal involvement whatsoever* is implicated in this case with which the application of the Village's nuisance ordinance could conflict." *Village of DePue*, 2008 WL 3271917, at *8 (emphasis added). Instead, a private party (Exxon) acted pursuant to a Consent Order with the State of Illinois, and Illinois acted under state law. *Id.* Thus, *Village of DePue* did not involve an ongoing federal response action that could create the type of conflict that exists in this case and which Section 113(h) was designed to prevent. The instant case, by contrast, *does* concern a federal agency (the FBI) that has initiated and is conducting a response action at and around the FBI Range pursuant to CERCLA Section 104(a) and related authorities. *See* U.S. Mem. at 3, 11-16; U.S. Reply Mem. at 4-6.[3] As a result, Section 113(h) bars Plaintiffs' claims.

In short, *Village of DePue* has no application to this case and should not guide this Court's consideration of the United States' Motion to Dismiss.

---

[3] Section 113(h) bars challenges to CERCLA response actions being performed by agencies other than EPA. *See, e.g., Pollack*, 507 F.3d at 527 (applying Section 113(h) to bar challenge to response action undertaken by the Department of Defense).

                Respectfully submitted,

                RONALD J. TENPAS
                Assistant Attorney General

Dated: August 27, 2008       /s/ David S. Gualtieri
                DAVID S. GUALTIERI
                MATTHEW R. OAKES
                Environment and Natural Resources Division
                Environmental Defense Section
                P.O. Box 23986
                Washington, DC 20026-3986
                (202) 514-2686; (202) 514-8865 (fax)
                matthew.oakes@usdoj.gov

                PATRICK J. FITZGERALD
                United States Attorney

                /s/Linda A. Wawzenski
                LINDA A. WAWZENSKI
                Assistant United States Attorney
                219 South Dearborn Street
                Chicago, IL 60604
                (312) 353-1994
                linda.wawzenski@usdoj.gov